# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 3:14-CR-63-B(1) |
| | § | |
| BLAKE ROBERTSON, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated June 22, 2020, before the Court is the defendant's *Motion for Amended Restitution Order*, received on June 16, 2020 (doc. 221). Based on the applicable law and relevant filings, the defendant's motion should be **DENIED**.

## I. BACKGROUND

On February 19, 2014, Defendant Blake Robertson (Defendant) and four co-defendants were charged by indictment with conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (count one); using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two); and carjacking in violation of 18 U.S.C. §§ 2119 and 2 (count three). (*See* doc. 1.) He pled guilty to all three counts on January 15, 2015. (*See* doc. 124.) By judgment dated August 14, 2015, he was sentenced to an aggregate term of 136 months' imprisonment, to be followed by a two-year term of supervised release. (*See* doc. 185 at 1-3.) He was also ordered to pay $736 in restitution, jointly and severally with his co-defendants, as a special condition of supervision. (*See id.* at 4.) The restitution amount was payable immediately, and any unpaid balance was payable during incarceration. (*See id.*) In the event any amount of restitution remained after his release from custody, Movant was ordered to make monthly installment payments beginning no later than 60 days after release. (*See id.*) Movant was also ordered to pay a $300 mandatory special assessment. (*See id.* at 5-6.)

While incarcerated, Defendant agreed to participate in the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP) beginning on November 29, 2018. (*See* doc. 221 at 2, 5.) Under the IFRP, Defendant makes quarterly installment payments of $25.00 towards his restitution and special assessment obligations. (*See id.* at 5.)

Defendant now seeks an amendment of "the restitution order in this case, due to a sufficient change in his financial circumstances that would warrant a modification in the restitution order" under 18 U.S.C. § 3664(k). (*Id.* at 1.) He claims that "since the advent of COVID-19, both BOP's shelter-in-place/lockdown and Movant's sole financial support cannot allow him to make his next $25.00 (September 2020) IFRP payment." (*Id.* at 2.) He also claims that he contracted COVID-19 and was not on work assignment, but his IFRP account was not placed on "temporary exempt status," and IFRP payments continued to be withdrawn. (*Id.*) He stated that he "[could] no longer be a burden to outside networks who have lost their jobs and or filed for unemployment." (*Id.*)

## II.    NATURE OF SUIT

Although Defendant characterizes his motion as seeking relief under 18 U.S.C. § 3664(k),[1] he does not challenge a court-ordered payment schedule. (*See id.*) He instead claims that he cannot make his scheduled quarterly IFRP payment, and that his IFRP account was not placed on "temporary exempt" status, resulting in the continued deduction of payments, despite Defendant contracting COVID-19 and not being on a work assignment. (*See id.*)

---

[1] Section 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

"The BOP's IFRP is a voluntary program that employs a standard formula to determine the amount of restitution payments that an inmate should make while incarcerated." *United States v. Broadus*, No. 3:10-CR-183-B (01), 2014 WL 4060048, at *2 (N.D. Tex. Aug. 15, 2014). When a defendant challenges a program administered by the BOP, including the IFRP, that challenge must be brought under 28 U.S.C. § 2241, after all administrative remedies have been exhausted. *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009) ("[The IFRP] is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration.") (citing *United States v. Lott*, 227 F. App'x 414 (5th Cir. 2007)).

The restitution payment schedule of which Defendant complains was set by the BOP's IFRP, not the Court. (*See* doc. 221 at 2, 5.) Because Defendant is not challenging a court-ordered repayment schedule, he is not entitled to relief under § 3664(k), and his claim should be denied. To the extent Defendant wishes to challenge the BOP's execution of his sentence through its application of the IFRP to his situation, his claim must be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 after he has exhausted all administrative remedies. *See Diggs*, 578 F.3d at 319-20.

### III.    18 U.S.C. § 3664(k)

Even if the motion may be liberally construed as challenging the requirement in the judgment that restitution be payable during Defendant's incarceration, he has failed to show that he is entitled to relief under § 3664(k). A payment schedule will be altered under § 3664(k) only "if there is a 'bona fide change in the defendant's financial condition' that affects his ability to pay restitution." *United States v. Wooderts*, No. 3:97-CR-54-D, 2008 WL 245352, at *1 (N.D. Tex. Jan 29, 2008) (quoting *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003)). Defendant

3

"bears the burden of proving that [his] circumstances have changed enough to warrant such a modification." *Id.* at *1.

Here, Movant claims that the "BOP's shelter-in-place/lockdown and [Defendant's] sole financial support cannot allow him" to make his restitution payments, and that he "can no longer be a burden to outside networks who have lost their jobs and or filed for unemployment." (doc. 221 at 2.) He states that he contracted COVID-19 and is not on work assignment, but admits that "all inmates are still being paid a fraction of the normal performance pay." (*Id.*) Beyond his conclusory allegations, he provides no evidence of a material change in his economic circumstances. He has therefore not satisfied his burden "to show a sufficient change in [his] financial circumstances to warrant a modification of [his] restitution order to eliminate the requirement that [he] pay restitution while incarcerated by the BOP." *Broadus*, 2014 WL 4060048, at *2; *see also United States v. Arafat*, No. 12-cr-00045, 2020 WL 3790727, at *3 (D. Minn. July 7, 2020) (denying relief under § 3664(k) based on the defendant's temporary change in economic circumstances due to COVID-19 and lack of evidentiary support of a material change in circumstances based in part on wife's alleged unemployment status).

## IV.  RECOMMENDATION

The defendant's *Motion for Amended Restitution Order*, received on June 16, 2020 (doc. 221), should be **DENIED**.

**SIGNED this 30th day of April, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE